UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 6, 2015

LETTER TO ALL COUNSEL

Re:  *Sabrina Lewis v. Commissioner of Social Security*,
     Civil No. SAG-15-84

Dear Counsel:

On January 12, 2015, Sabrina Lewis petitioned this Court to review the Social Security Administration's denial of her claim for Children's Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 20). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Local R. 105.6 (D. Md. 2011). I will grant the Commissioner's motion and deny Ms. Lewis's motion. This letter explains my rationale.

Ms. Lewis applied for Children's SSI on May 28, 2010, through an application filed by her mother, alleging a disability onset date of October 17, 2004. (Tr. 118-24). Her claim was denied initially on November 19, 2010, and on reconsideration on September 16, 2011. (Tr. 62-76). A hearing was held on August 1, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 33-59). Following the hearing, on August 9, 2013, the ALJ issued an opinion denying benefits. (Tr. 10-32). Because the Appeals Council denied Ms. Lewis's request for review, (Tr. 1-6), the ALJ's decision is the final, reviewable decision of the Agency.

The ALJ evaluated Ms. Lewis's claim using the three-step sequential process for claims involving childhood SSI, as set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Lewis's claim. At step one, the ALJ found that Ms. Lewis had not engaged in any substantial gainful activity since the application date. (Tr. 16). At step two, the ALJ found that Ms. Lewis suffered from the severe impairments of anxiety disorder, obsessive-compulsive disorder, a history of an eating disorder, and attention-deficit hyperactivity disorder. *Id.* At step three, however, the ALJ found that Ms. Lewis did not have an impairment or combination of impairments that met any listing. (Tr. 16-17). Additionally, the ALJ determined that Ms. Lewis did not have an impairment or combination of impairments that would be functionally equivalent to any listing. (Tr. 17-26). Therefore, the ALJ determined that Ms. Lewis was not disabled for purposes of Children's SSI benefits. (Tr. 26).

Ms. Lewis asserts two primary arguments in support of her appeal: (1) that the ALJ did

Case 1:15-cv-00084-SAG   Document 21   Filed 10/06/15   Page 2 of 4
*Sabrina Lewis v. Commissioner of Social Security*
Civil No. SAG-15-84
October 6, 2015
Page 2

not assign adequate weight to the opinions of her treating physicians, Drs. Gary Gay and Chriselda Fleming; and (2) that the ALJ failed to find Ms. Lewis's full scale IQ of 79 to be a severe impairment at step two. Each argument lacks merit.

Ms. Lewis's first argument cites the assignment of "little weight" to the opinions of her treating physicians, Drs. Gay and Fleming. Pl. Mot. 12-17. Both treating doctors issued opinions indicating that Ms. Lewis suffered marked limitations in more than one functional domain. (Tr. 523-24, 531-34). A treating physician's opinion merits controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) it is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c) (2); *Craig,* 76 F.3d at 585 (refined by 20 C.F.R. § 416.927(d)(2) (1999)); SSR 96-2p, 1996 WL 374188. Treating source opinions are never entitled to controlling weight on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2). Issues reserved to the Commissioner—such as whether a claimant's impairments meet a particular listing—are administrative findings that are dispositive of a case. *See* SSR 96–5p, 1996 WL 374183, at *2.

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Lewis's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find that the ALJ's RFC determination was supported by substantial evidence. The ALJ cited to Ms. Lewis's academic achievement (specifically her ability to progress to eleventh grade without skipping a grade) and her reports of activities (such as going to the mall) with friends as evidence supporting his assignment of weight to both doctors' opinions. (Tr. 20). The ALJ further relied upon the opinions of the State agency consultants, who had found no marked limitations, except that he determined that a marked limitation was warranted in the domain of "attending and completing tasks" as a result of Ms. Lewis's OCD and ADHD. *Id.* In light of the substantial evidence cited by the ALJ, remand is unwarranted even if other evidence exists that could be marshaled in support of a finding of disability.

In a related argument, Ms. Lewis contends that the ALJ erred in evaluating the functional equivalence of her impairments, because he did not rely on any medical opinion to make those findings. Pl. Mot. 21-22. Functional equivalence is determined by rating a child's abilities in six "domains": (i) Acquiring and Using Information; (ii) Attending and Completing Tasks; (iii) Interacting and Relating Well With Others; (iv) Moving About and Manipulating Objects; (v) Caring for Yourself; and (vi) Health and Physical Well–Being. Disability is established if the child has an "extreme" degree of limitation in one domain or a "marked" limitation in two domains. *See* 20 C.F.R. § 416.926a. As noted above, the reviewing State agency physicians found "less than marked" or "no limitation" in all of the functional areas. (Tr. 66-70, 352-57, 380-85).

An ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC. Instead, an ALJ is required to consider "all of the relevant

*Sabrina Lewis v. Commissioner of Social Security*
Civil No. SAG-15-84
October 6, 2015
Page 3

medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton-Miller v. Astrue,* 459 F. App'x 226, 230-31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion to back a particular RFC, but should base an individual's RFC on all available evidence).  In the section of the opinion considering the six functional domains, the ALJ provided detailed analysis for each domain. (Tr. 20-26).  It is worth noting that the ALJ found a "marked limitation" in "Attending and Completing Tasks" even though the State agency physicians had concluded that Ms. Lewis's impairment was of less than marked severity.  Overall, in light of the State agency physicians' opinions, it cannot be said that the ALJ lacked medical support for his conclusions.

Next, Ms. Lewis argues that the ALJ erred by failing to classify her full scale IQ of 79 as a severe impairment at step two of the sequential evaluation. Step two involves a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment ... there is no reason for the Secretary to consider the claimant's age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If a claimant is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step. *Id.* Although the ALJ did not expressly assess whether Ms. Lewis's IQ constituted a severe impairment at step two of the sequential evaluation, Ms. Lewis has failed to show how she was prejudiced by the ALJ's failure. The ALJ determined that Ms. Lewis suffered from other severe impairments and continued through the entire sequential evaluation of her allegation of disability.  Moreover, in assessing whether Ms. Lewis's impairments were equivalent to a listing, the ALJ discussed Ms. Lewis's IQ results twice. (Tr. 19, 21).  Thus, the ALJ properly considered all of Ms. Lewis's impairments, both severe and non-severe, at the relevant stages of the evaluation.  In addition, both times the ALJ discussed the IQ scores, he noted that the composite scores were "unusable" due to "significant variability among the scores for specific skills." (Tr. 19, 21).  That reasoning alone provides substantial evidence for the determination not to consider the full scale score of 79 to be severe.  However, even if the failure to make an express determination at step two were viewed as error, the error is harmless since the IQ scores were fully considered throughout the opinion.

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 20) and DENIES Ms. Lewis's Motion for Summary Judgment (ECF No. 15).  The Clerk is directed to CLOSE this case.

*Sabrina Lewis v. Commissioner of Social Security*
Civil No. SAG-15-84
October 6, 2015
Page 4

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                            Sincerely yours,

                                            /s/

                                          Stephanie A. Gallagher
                                          United States Magistrate Judge